UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 10-CR-180-EFS |
| | ) | |
| vs. | ) | |
| | ) | **PRELIMINARY ORDER OF** |
| CRAIG A. DICKSON, | ) | **FORFEITURE** |
| | ) | |
| Defendant. | ) | |

Before the Court, without oral argument, is the United States Attorney's Office's (USAO) Motion for Preliminary Order of Forfeiture (ECF No. 22) and related Motion to Expedite (ECF No. 23). Whereas, Defendant has stipulated, pursuant to the Plea Agreement previously filed herein, to the Criminal Forfeiture of assets involved in and connected to unlawful activity, specifically Defendant's guilty plea and conviction of one or more offenses committed in violation of Title 18 U.S.C. § 371 and Title 31 U.S.C. § 5324, *see Amended Information, Ct. Rec. 6, and Plea Agreement, Ct. Rec. 10;*

Whereas, based on Defendant's conviction and the foregoing statutes, the Defendant shall forfeit to the United States of

Preliminary Order of Forfeiture - 1

America all property, real or personal, involved in the convicted offenses, and any property traceable to such property;

Whereas, the United States is also entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853, as incorporated by 31 U.S.C. § 5317(c) and/or by 28 U.S.C. § 2461(c);

Whereas, subject to the limitations set forth in Paragraph 10 of the parties' Plea Agreement, the Defendant and United States agree that the property to be forfeited under this agreement includes those assets that have been seized, have been stipulated to be forfeited, and/or have been identified as substitute property to be forfeited. *See Paragraph 10, Ct. Rec. #10.*

**THEREFORE AND BASED UPON** the Defendant's plea of guilty and upon the stipulations, admissions and other terms in the parties' Plea Agreement previously filed herein, and upon the Defendant's plea colloquy and the Court's finding that there is a reasonable and substantial nexus between the property identified below and the offense(s) to which the Defendant has pled guilty, **IT IS HEREBY ORDERED**: Motion for Preliminary Order of Forfeiture **(ECF No. 22)** and related Motion to Expedite **(ECF No. 23)** are **GRANTED.**

The following property is forfeited to the United States pursuant to 31 U.S.C. § 5317 and/or 28 U.S.C. §2461(c):

**I.   DIRECT PROPERTY FORFEITURE**

**REAL PROPERTY**

1) Real property located at <u>587 Ravenwood Drive, Darby, Montana</u> legally described as follows:

Lot 19 of Tin Cup Creek situated in Ravalli County, Montana, according to the official recorded plate thereof.

Preliminary Order of Forfeiture - 2

180.Prelim.Forfeiture.wpd

TOGETHER WITH a 60-foot private road and public utility easement as shown on the plat.

Tax Parcel No.   1119896

Together with all appurtenances, fixtures, attachments, and improvements thereto and thereupon.

SUBJECT to any easements, rights of way, reservations, and/exceptions, and actions of record.

2) <u>Vacant land in Spokane County, Washington, Parcel No. 26102.9028,</u> legally described as follows:

The North 436.85 feet of the Southeast quarter of the Northwest quarter of Section 10, Township 26 North, Range 42 East, W.M.;

EXCEPT the East 330.10 feet thereof;

In Spokane County, Washington.

Parcel No.   26102.9028

SUBJECT TO: All covenants, conditions, restrictions and easements, if any, affecting title, which may appear in the public record, including those shown on any recorded plat or survey.

**CONVEYANCES**

3) 2006 Chevrolet Silverado C1500 Truck  Washington License Number: A27823Z, VIN: 1GCEK19B56Z167467, seized pursuant to a federal seizure warrant on or about August 31, 2010, by the Federal Bureau of Investigation;

4) 2006 Lexus GS430, Washington License Number: 808 UTQ, VIN: JTHBN96S965006882, seized pursuant to a federal seizure warrant on or about August 31, 2010, by the Federal Bureau of Investigation;

5) 2007 Chevrolet Corvette, Washington License Number: 458 WQY, VIN: 1G1YY26EX75127774, seized pursuant to a federal seizure warrant on or about August 31, 2010, by the Federal Bureau of Investigation;

6) 2007 Chevrolet Silverado Truck, Washington License Number: B70994E, VIN: 1GCEK19097Z628783, seized pursuant to a federal seizure warrant on or about August 31, 2010, by the Federal Bureau of Investigation; ;

7) 2005 Toyota MR2 Spyder Convertible, Washington License Number: 524 TYF, VIN: JTDFR320350071134, seized pursuant

Preliminary Order of Forfeiture - 3

```
 1          to a federal seizure warrant on or about August 31, 2010,
            by the Federal Bureau of Investigation;
 2
```

Pursuant to Defendant's plea agreement, the United States is no longer seeking forfeiture of the entire amount of the $119,840.00 in U.S. funds from retirement account #XXX-XX2400, held in the name of Craig Dickson, seized pursuant to a federal seizure warrant on or about August 30, 2010, by the Federal Bureau of Investigation, from TD Ameritrade, in Omaha, Nebraska.  The United States and Defendant have agreed that $50,000.00 of the above-listed amount will be returned to Defendant.  The parties have further agreed, *via* Plea Agreement that $69,519.37 from the above listed account, and such other or further amounts agreed upon by the parties and/or determined by the Court, will be deposited with the Clerk of the Court to satisfy the amount of Defendant's restitution obligation imposed by the Court.  *See Plea Agreement, ¶ 11; PSIR, ¶¶ 25-30; Addendum to PSIR, Objection No. 6 and Response resolution; see also* 18 U.S.C. § 3663(b).  The further amounts of restitution imposed by the Court will be taken from other cash forfeiture(s) designated by the Court or by the United States.

Therefore, pursuant to the Plea Agreement the following will be forfeited to the United States from the TD Ameritrade account:

```
    8) $320.63 of the $119,840.00 U.S. funds from retirement
       account #XXX-XX2400, held in the name of Craig Dickson,
       seized pursuant to a federal seizure warrant on or about
       August 30, 2010, by the Federal Bureau of Investigation,
       from TD Ameritrade, in Omaha, Nebraska.
```

**II.   MONEY JUDGMENT**

```
    9)  A sum of money equal to $1,306,455.69 in United
        States currency, representing the amount involved in the
```

Preliminary Order of Forfeiture - 4

offense(s) and property traceable thereto, joint and several liability with Co-Conspirator, TYSON SCHOTT.

The United States may take steps to collect the judgment from any property of the Defendant as specified in the Defendant's plea agreement and in accordance with the substitute asset provisions of 21 U.S.C. § 853(p), as incorporated by 31 U.S.C. § 5317, which includes forfeiture of the following assets:

**III. <u>SUBSTITUTE ASSETS</u>**

**FINANCIAL INSTRUMENTS**

10) $448,470.47 in Miscellaneous Financial Instruments, seized pursuant to a federal search warrant on or about August 31, 2010, by the Federal Bureau of Investigation, from Craig Dickson, in Spokane, Washington.

**BANK ACCOUNTS**

11) $106,004.58 U.S. funds from checking/savings account #: XXX9107, held in the name of Dickson Iron and Metals, Inc., seized pursuant to a federal seizure warrant on or about August 30, 2010, by the Federal Bureau of Investigation, from Bank of America, in Spokane, Washington;

12) $40,370.64 U.S. funds from checking/savings account #: XXXX9107, held in the name of Dickson Iron and Metals, Inc., seized pursuant to a federal seizure warrant on or about August 31, 2010, by the Federal Bureau of Investigation, from Bank of America, in Spokane, Washington;

Pursuant to the parties' Plea Agreement and revised PSIR (with Addendum), the current agreed restitution to be set by the Court is $76,883.95. Of this current agreed restitution, $69,519.37 has been designated to be satisfied out of Defendant's TD Ameritrade retirement account, #XXX-XX2400, which amount will be deposited with the Clerk of the Court. The remaining $7,364.58 owed on the current agreed restitution amount of $76.883.95 (i.e., $76,883.95 - 69,519.37 = $7,364.58) will be satisfied out of funds seized from

Preliminary Order of Forfeiture - 5

one of the two above referenced bank accounts of Dickson Iron and Metals, Inc. This remaining $7,364.58 and such other or further amounts as agreed upon by the parties and/or as determined by the Court, will be deposited with the Clerk of the Court to satisfy Defendant's final restitution obligation imposed by the Court. *See Plea Agreement*, ¶11; and 18 U.S.C. § 3663.

**U.S. CURRENCY**

13) $21,964.00 U.S. Currency, seized pursuant to a federal search warrant on or about August 31, 2010, by the Federal Bureau of Investigation, from Craig Dickson, in Spokane, Washington;

14) $281,000.00 U.S. Currency, seized pursuant to a federal search warrant on or about August 31, 2010, by the Federal Bureau of Investigation, from Tyson Schott, in Spokane, Washington;

15) $4,494.00 U.S. Currency, seized on or about August 31, 2010, by the Federal Bureau of Investigation, from Tyson Schott, at Dickson Iron & Metals, in Spokane, Washington;

16) $2,747.00 U.S. Currency, seized pursuant to a federal search warrant on or about August 31, 2010, by the Federal Bureau of Investigation, from Craig Dickson, from Dickson Iron & Metal in Spokane, Washington;

**CONVEYANCES**

17) 1970 Pontiac GTO, Washington License Number: CV76701, VIN: 242370B111616, seized pursuant to a federal search warrant on or about August 31, 2010, by the Federal Bureau of Investigation;

18) 1967 Pontiac Firebird, Washington License Number: CV76699, VIN: 223677U110886, seized pursuant to a federal search warrant on or about August 31, 2010, by the Federal Bureau of Investigation;

19) 1974 Alfa Romeo SPI Convertible, Washington License Number: CV76698, VIN: AR3044387, seized pursuant to a federal search warrant on or about August 31, 2010, by the Federal Bureau of Investigation;

20) 1963 Porsche 356 Coupe, Washington License Number: CV76700, VIN: 212342, seized pursuant to a federal search

Preliminary Order of Forfeiture - 6

    warrant on or about August 31, 2010, by the Federal Bureau of Investigation;

    21) 2008 BMW 358, Washington License Number: 905 XTG, VIN: WBAWC335X8PD09102, seized pursuant to a federal seizure warrant on or about September 3, 2010, by the Federal Bureau of Investigation;

To the extent it may be alleged or claimed that Defendant has an in interest in the following property, which Defendant denies, Defendant's alleged interest in the following asset is likewise forfeited pursuant to this order:

    22) 2009 23' Cobalt Boat, Model 232, HIN: FGE3W014A909, Idaho License Number: ID5746AR and 2009 Metal Craft 24' Boat Trailer, VIN: 1FWE024249A036732, Washington License Number: 7288V7, seized in Coeur d'Alene, Idaho, pursuant to a federal seizure warrant on or about August 31, 2010, by the Federal Bureau of Investigation;

**IT IS FURTHER ORDERED** that the United States Marshals Service shall seize the above-described properties and shall maintain such seized properties in its custody and control until further order of this Court;

**IT IS FURTHER ORDERED** that pursuant to 21 U.S.C. § 853(n), as incorporated by 31 U.S.C. § 5317, the United States shall publish notice of the preliminary order of forfeiture.  The notice shall be posted on an official website of the United States Government for at least thirty days and shall state that any person, other than Defendant, claiming a legal interest in the property shall file a petition with this Court within sixty days of the first date of publication, or within thirty-five days of receipt of actual notice, whichever is earlier.  The notice shall advise interested persons that the petition shall (1) be for a hearing to adjudicate the validity of the petitioner's claimed interest in the property;

Preliminary Order of Forfeiture - 7

(2) be signed by the petitioner under penalty; (3) set forth the nature and extent of the petitioner's claimed right, title, or interest in the property.  The petition shall also set forth any additional facts supporting the petitioner's claim.  The United States shall also provide direct written notice of this preliminary order of forfeiture to any person known to have alleged an interest in the property subject to forfeiture.

The Court finds that Defendant had an interest in the forfeited properties, based upon Defendant's plea of guilty and the information in the Plea Agreement.  Therefore, this preliminary order of forfeiture shall become final as to Defendant at the time of the Court's sentencing, and shall be made part of the sentence and included in the judgment, all pursuant to Fed. R. Crim. P. 32.2(b)(4).

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered.  If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**DATED** this 18th day of March 2011.

```
                        s/Edward F. Shea
                        EDWARD F. SHEA
                   United States District Judge
```

Preliminary Order of Forfeiture - 8

180.Prelim.Forfeiture.wpd